■ In the Matter of M. E., a Child Alleged to be Neglected. ST. CHRISTOPHER-OTTILIE, Respondent; IMAD E. Appellant. In the Matter of R. G. E., a Child Alleged to be Neglected. ST. CHRISTOPHER-OTTILIE, Respondent; IMAD E. Appellant.—Final orders, Family Court, New York County (Ruth Zuckerman, J.), entered July 6, 1990, which *inter alia,* based on a finding of permanent neglect, found that respondent's parental rights to the subject children should be terminated, unanimously affirmed, without costs.

Each of the subject children, M., born July 31, 1985, and R., born January 11, 1987, resided with the pre-adoptive family since shortly after birth. Their brother, who is not subject to these proceedings, also resides in the pre-adoptive home. The parental rights of the respondent mother, who has not ap-

pealed, were terminated by reason of her mental illness. The parental rights of the respondent-appellant father were terminated on the grounds that respondent had failed to plan for the future of the children within the meaning of Social Services Law § 384-b (7) (a), (c).

The Family Court found that, respondent, admittedly a narcotics user, repeatedly failed to seek public assistance, although he complained of financial problems, and failed to avail himself of an opportunity to locate adequate housing, moving frequently from one inadequate residence to another, without advising the petitioner agency. Numerous appointments and offers to assist and accompany respondent were made by the agency in this regard, all of which were rejected by respondent. Similarly, respondent refused to participate in a parenting skills program, attending only two classes despite the urging of his caseworker. The court further found that the only "plan" made by respondent was to have the children reside with his father in Sudan. The "plan" was soon retracted by respondent.

While respondent maintained relatively good contact with the children, he was advised repeatedly that merely visiting the children was insufficient. The court found respondent's testimony, that he earned in excess of $500.00 weekly as a street vendor, that he never wanted to receive public assistance, that he was never referred to suitable housing, that he had attended numerous parenting skills program, and that he was not addicted to marijuana or cocaine, to be entirely unworthy of belief.

Convincing evidence was adduced at the fact-finding hearing that the agency exercised diligent efforts to strengthen the parental relationship, but that respondent failed to plan for the return of the children or to overcome the barriers preventing the return of the children. (*Matter of Christina Jeanette C.*, 168 AD2d 351.) Respondent's present appellate argument, that his immigration status prevented him from obtaining either employment or public assistance benefits, was not presented to the court below, and is entirely unsubstantiated by any evidence in the record.

Similarly unpersuasive and unsupported is respondent's argument that a conflict of interest arose when his counsel agreed to represent the respondent mother at the dispositional hearing. There is absolutely no indication of any prejudice to respondent. The determination at the dispositional hearing to free the children for adoption was clearly within the chil-

dren's best interests. Concur—Sullivan, J. P., Carro, Rosenberger, Asch and Kassal, JJ.